**WHGC, P.L.C.**
JEFFREY C.P. WANG (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Michael G. York (SBN 89945)
*MichaelYork@WHGCLaw.com*
KATHLEEN E. ALPARCE (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
JESSICA A. CRABBE (SBN 263668)
*JessicaCrabbe@WHGCLaw.com*
130 1 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel. (949) 833-8483; Fax: (866) 881-5007

Attorneys for Plaintiff
*STRONG TRADING INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRONG TRADING INC., a California Corporation, | CASE NO. 2:21-CV-4206 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation, | [DEMAND FOR JURY TRIAL] |
| Defendant. | |

Plaintiff STRONG TRADING INC. alleges as follows:

## JURISDICTION

1. This Court has diversity jurisdiction over the First Claim for Relief pursuant to 28 U.S.C. § 1332(a).

///

**PARTIES**

2. Plaintiff Strong Trading Inc. ("STI") is, and at all times material to this proceeding was, a California Corporation with its principal place of business at 150 N. Santa Anita Avenue, Suite 800, Arcadia, CA 91006.  STI is a 42-year family-owned jewel import/wholesale business in Southern California.

3. Defendant Unique Designs, Inc. dba SDIL / Kiran Jewels ("UDI") is, and at all times material to this proceeding was, a New Jersey Corporation with its principal place of business at 425 Meadowlands Parkway, Secaucus, New Jersey 07094.

**FACTUAL ALLEGATIONS**

4. On or about October 10, 2017, the defendant UDI executed an eight page master Agreement entitled "New Customer Purchase Order & Payment Terms," whereby UDI would purchase various types and models of jewel from STI on an open book basis. A copy of said eight page agreement is attached hereto as **Exhibit A**.

5. Pursuant to STP-7 of said Agreement, UDI is deemed to have accepted all order specifications, including but not limited to, item styles, item style descriptions, prices, and quantities upon approval of the invoice.

6. On or about September 26, 2018, UDI sent to STI purchase order #129168 to purchase certain Created Emerald Jewelry ("Goods") for the particular purpose of reselling said jewelry to UDI's customer Helzberg.  The purchase price was $86,134.80. A copy of the Purchase Order and the attached specification required by Helzberg ("Helzberg Goods") is attached hereto as **Exhibit B**.

7. On or about October 4, 2018, STI sent to UDI samples of the Helzberg Goods and invoiced UDI for said Helzberg Goods. UDI approved and accepted the Helzberg samples. A copy of the invoice for the samples is attached hereto as **Exhibit C**.

8. UDI has successfully and without complaint resold most of said Helzberg Goods to Helzberg.  However, UDI had some leftover Helzberg Goods unsold, and UDI sought but was unsuccessful to resell the leftover to an outlet named Jewelry Television ("JTV") for $7,001.45.  UDI claimed that the Helzberg Created Emerald jewelry was rejected by JTV

because JTV has different definitions and requirements for Created Emerald jewelry.

9. STI has sought to resolve the issue by proposing the return of the leftover Helzberg Goods from UDI. Even though STI disagrees with UDI's claims, STI is willing to compromise since the amount involved is small. UDI has rejected the compromise, and doubled down with the refusal to pay STI the entire account receivable for all of the transactions between the companies totaling $369,441.12. A copy of the Aged Receivable as of May 13, 2021 is attached hereto as **Exhibit D**.

## FIRST CLAIM OF ACTION

### [Breach of Contract]

10. Plaintiff refers to and incorporates by reference each and every allegation contained in the foregoing paragraphs 1 through 9, inclusive.

11. Within the past four years, for a valuable consideration, plaintiff and defendant entered into a written agreement. Said contract provides for attorneys' fees.

12. Plaintiff has performed all conditions, covenants and promises required by it on its part to be performed in accordance with the terms and conditions of the aforementioned written agreement.

13. Defendant has breached said agreement by refusing to pay the sums due thereon.

14. As a result of said defendant's breach, plaintiff has been damaged in the sum of $369,441.12.

15. As a further result of defendant's breach of the written agreement, plaintiff has incurred consequential damages in an amount which will be proven at time of trial, including, but not limited to, damages incurred in mitigating its damages.

16. As a further result of defendant's breach of the written agreement, plaintiff has incurred and will continue to incur attorneys' fees in filing and prosecuting this action. Pursuant to the written agreement, plaintiff is entitled to reasonable attorneys' fees, in addition to any other relief granted by this court.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For the general damages in the sum in excess of $369,441.12, the exact amount is

to be proven at trial;

2. For consequential damages according to proof;

3. For interest on the principal sum at 10%;

4. For reasonable attorneys' fees;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 19, 2021            WHGC, P.L.C.


By:   */s/ Jeffrey C.P. Wang*
      Jeffrey C.P. Wang
      Michael G. York
      Kathleen E. Alparce
      Jessica A. Crabbe

Attorneys for Plaintiff
*STRONG TRADING INC.*