**WHGC, P.L.C.**
KATHLEEN E. ALPARCE (SBN 230935)
*KathleenAlparce@WHGCLaw.com*
JESSICA A. CRABBE (SBN 263668)
*JessicaCrabbe@WHGCLaw.com*
JEFFREY C.P. WANG (SBN 144414)
*JeffreyWang@WHGCLaw.com*
MICHAEL G. YORK (SBN 89945)
*MichaelYork@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel: (949) 833-8483; Fax: (866) 881-5007

Attorneys for Plaintiff and Counter-Defendant
*STRONG TRADING INC.* and Counter-Defendant
*KURT CHIEN*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### [WESTERN DIVISION]

| | |
|---|---|
| STRONG TRADING INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation,<br><br>Defendants.<br>_____<br><br>AND RELATED COUNTER-CLAIM.<br>_____ | CASE NO. 2:21-cv-04206-RGK-PVC<br>[Assigned to Honorable R. Gary Klausner]<br><br>**PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**<br><br>**TRIAL DATE: June 14, 2022** |

-1-

**PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

Plaintiff Strong Trading, Inc. ("Plaintiff and/or "STI") hereby submits this Opposition to Defendant Unique Designs, Inc.'s ("Defendant" and/or "UDI") Motion For Judgment As A Matter of Law Or, In The Alternative, Motion For A New Trial and hereby respectfully requests that the Court **deny** UDI's Motion.

## I. MOTION FOR JUDGMENT AS A MATTER OF LAW.

In a motion for judgment as a matter of law, the jury's verdict must be upheld if, viewing the facts in the light most favorable to the nonmoving party, there is sufficient evidence for a reasonable jury to have found in the nonmoving party's favor. *Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).

The court must draw all reasonable inferences in favor of the moving party, and it may not make credibility determinations or weigh the evidence. *City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835, 841 (9th Cir. 2004). The court must disregard all evidence favorable to the moving party except evidence that the jury is required to believe. *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001).

While Defendant UDI, at best, glides over the standards applicable in a motion for judgment as a matter of law, its discussion of the evidence presented at trial patently ignores those standards. Among other things, Defendant UDI failed to discuss the evidence presented at trial in the light most favorable to Plaintiff STI and ignored the reasonable inferences in Plaintiff STI's favor. Instead, Defendant UDI discusses only selective provisions of the contract between it and Plaintiff STI. Defendant UDI also discusses only selective portions of the testimony presented at trial, and, indeed, does not even include all of the material testimony in its Motion.

Under the standards applicable in a motion for judgment as a matter of law, Defendant UDI's Motion must be denied.

## II. THE EVIDENCE PRESENTED AT TRIAL.

### A. The Contract.

In its Motion, Defendant UDI discusses only selective provisions of the contract

-2-

**PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

between and Plaintiff STI and Defendant UDI. Thus, it is first necessary to provide a complete discussion of the provisions of the contract that are material to this Motion.

First, it is visibly apparent that the contract is between Plaintiff STI and Defendant UDI. (See Exhibit 51, p. 1, attached as Exhibit "A".) The contract is on Plaintiff STI's letterhead. The contract is entitled "New Customer Purchase Order & Payment Terms," and in the "Payment Terms" section it provides that new customers of Plaintiff STI are to make a deposit. In the "Declaration" section, it provides that Defendant UDI has "read the above Strong Trading (Chong Chong Jewelry Group) New Customer Order and Payment Terms and accept these terms as a basis for transacting between my/our company and Strong Trading (Chong Chong Jewelry Group)". *Id*. Finally, in its Counterclaim and First Amended Counterclaim, Defendant UDI sued Plaintiff for breach of the very same contract.

Second, and perhaps more importantly, in the "Payment Terms" section, the contract provides "If payment duties are not fulfilled, *Strong Trading* (Chong Chong Jewelry Group) reserves the right to take legal action . . ." (Emphasis added.)

**B.     The Testimony at Trial.**

Again, Defendant UDI also discusses only selective portions of the testimony presented at trial. Indeed, Defendant UDI does not even include all of the testimony in its Motion and goes so far as to highlight in yellow selective portions of the testimony at trial, thereby suggesting that the testimony that is not included and the non-highlighted portions of the testimony have nothing to do with the issue that is the subject of this Motion, and that it is unnecessary for the Court to even review the non-highlighted portions.

Thus, it is again first necessary to provide a complete discussion of the testimony at trial that is material to this Motion, including the testimony that Defendant UDI has not highlighted and, indeed, not even included.

At trial, Plaintiff STI's Chief Financial Officer, Amy Wei Chu, testified as follows.

**PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

1  The contract is between Plaintiff STI and Defendant UDI. (Trans., 6/15/22, 90:15-91:19.)

Plaintiff STI has an office in Hong Kong named Strong Jewelry (HK) Co. Ltd. The Hong Kong office is an extension of Plaintiff STI that assists it with shipments to the United States. (Trans., 6/15/22, 85:7-16.)

However, Plaintiff STI's Hong Kong office is not a party to the contract and Plaintiff STI's Hong Kong office does not sell jewelry to customers. (Trans., 6/15/22, 90:15-91:19; 117:4-8.)

Payment is owed to Plaintiff STI. However, when the shipment comes from Plaintiff STI's Hong Kong office, the customer sends the payment to Plaintiff STI through its Hong Kong office. (Trans., 6/15/22, 91:1-6; 104:4-7; 123:18-125:1.)

When Plaintiff STI's Hong Kong office ships to the United States, it prints out a copy of Plaintiff STI's invoice on its letterhead and includes it with the shipment, but the invoices are on Plaintiff STI's Hong Kong's office's letterhead only because it is an international shipment and the shipper's name is on the invoice for customs purposes. (Trans., 6/15/22, 102:5-14; 103:17-104:3; 130:14-22.)

### III. PLAINTIFF STI HAS STANDING TO BRING THIS ACTION

Defendant UDI's Motion is made on the sole ground that Plaintiff STI does not have standing to bring this action. However, viewing the facts in the light most favorable to Plaintiff STI and drawing all reasonable inferences in Plaintiff STI's favor, without making credibility determinations or weighing the evidence, there is sufficient evidence – indeed more than sufficient evidence -- that Plaintiff STI has standing to bring this action.

First, the contract is between Plaintiff STI and Defendant UDI. Indeed, Defendant UDI sued Plaintiff for breach of the very same contract. Plaintiff STI's Hong Kong office is not a party to the contract.

Second, payment is owed to Plaintiff STI, but when the shipment comes from Plaintiff STI's Hong Kong office, the customer sends the payment to Plaintiff STI

through its Hong Kong office. Plaintiff STI has the right to have payments sent to anyone it chooses. The identity of the recipient does not change the fact that the payment is owed to Plaintiff STI.

Third, Defendant UDI agreed in the contract that when an invoice is on Plaintiff STI's Hong Kong office's letterhead, it would send the payment to Plaintiff STI's Hong Kong office. Defendant UDI made that promise to Plaintiff STI. Defendant UDI having made that promise to Plaintiff STI, Plaintiff STI is entitled to enforce the promise.

Fourth, and perhaps most importantly, the contract provides "If payment duties are not fulfilled, *Strong Trading* (Chong Chong Jewelry Group) reserves the right to take legal action . . ." (Emphasis added.) In other words, the contract itself provides that Plaintiff STI has standing. Thus, contrary to Defendant UDI's Motion, Plaintiff STI *did* present evidence that it had the right to collect on the invoices.

Finally, some of the invoices are on the letterhead of Plaintiff STI's Hong Kong office, but the invoices are on Plaintiff STI's Hong Kong's office's letterhead only because it is an international shipment and the shipper's name is on the invoice for customs purposes.

However, even assuming for the sake of argument that the payments are owed to Plaintiff STI's Hong Kong office instead of Plaintiff STI, Plaintiff still has standing to bring this action. A person has standing where a contract is in their name and the contract is made for the benefit of another. Cal. Code Civ. Proc., § 369 (a)(3). Thus, at worst, Plaintiff has standing to bring this action because the contract is in its name and the contract was made for the benefit of Plaintiff STI's Hong Kong office. And because under those circumstances Plaintiff STI would be bringing the action for the benefit of its Hong Kong office, a judgment in favor of Plaintiff STI does not leave Defendant UDI open to an action by Plaintiff STI's Hong Kong office.

Thus, in either event, Plaintiff STI has standing to bring this action.

Defendant UDI's Motion For Judgment As A Matter of Law must be denied.

///

**PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

## IV. MOTION FOR NEW TRIAL

A jury's verdict should be set aside and a new trial granted only where the court "is left with the definite and firm conviction that a mistake has been committed by the jury." *Landes Const Co., Inc. v. Royal Bank of Canada*, 833 F.3d 1365, 1371-1372 (9th Cir. 1987).

Defendant UDI's Motion for New Trial is based on the same arguments as its Motion for Judgment. Thus, for the same reasons that Defendant UDI's Motion for Judgment is without merit, its Motion for New Trial is without merit.

Defendant UDI's Motion For A New Trial must also be denied.

DATED: June 24, 2022　　　　　　　WHGC, P.L.C.

By: /s/ *Michael G. York*
　　　Kathleen E. Alparce
　　　Jessica A. Crabbe
　　　Jeffrey C.P. Wang
　　　Michael G. York

Attorneys for Plaintiff and Counter-Defendant *STRONG TRADING INC.* and Counter-Defendant *KURT CHIEN*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a true and correct copy of the **PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL; AND DECLARATION OF MICHAEL G. YORK** filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated on non-registered participants on **June 24, 2022**.

Executed on **June 24, 2022**, at Newport Beach, California.

                                      */s/ Martha Valenzuela*
                                      MARTHA VALENZUELA

-8-

PLAINTIFF STRONG TRADING, INC.'S OPPOSITION TO DEFENDANT UNIQUE DESIGNS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL